UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                                      :

    v.                                              :  Crim. No. 21-85 (CRC)

JOHN STRAND                                     :

### UNOPPOSED MOTION TO CONTINUE TRIAL

Defendant, John Strand, through undersigned counsel, Stephen F. Brennwald, in support of his Unopposed Motion to Continue Trial, states as follows:

1. Defendant John Strand is scheduled to begin trial in this matter on July 18, 2022.  That is the first trial date that has been scheduled in this case.

2. Defendant Strand's co-defendant, Dr. Simone Gold, pled guilty some time ago, and is scheduled to be sentenced on June 16, 2022.

3. Undersigned counsel, who was appointed pursuant to the Criminal Justie Act, has been diligently searching for an investigator and paralegal who could assist counsel with the uploading and review of voluminous discovery materials, and he was ultimately able to help Dr. Gold find an excellent investigator – but one who would not work on a court-appointed basis

4. Counsel believed that the investigator would also assist Mr. Strand with his discovery issues, as well as any other matters requiring the services of an investigator.  However, the investigator believed that there would be a conflict if he assisted Mr. Strand in his case while also working on behalf of Dr. Gold.

Undersigned counsel did not agree, but the conflict issue was not one for undersigned counsel to decide on behalf of the investigator.

5. Thereafter,  counsel diligently searched for another investigator/paralegal who is proficient in technical matters, as the investigation in this case requires an ability to locate and upload lengthy video clips and navigate multiple complex discovery portals – something that, unfortunately, is not in undersigned counsel's wheelhouse.

6. Surprisingly, there are very, very few individuals who possess such skills and who are part of the Federal Defender's CJA database.

7. Counsel literally reached out to many colleagues and others in an attempt to find someone who could assist with these technical and time-consuming tasks, and he could find no one for many months.

8. Finally, about 60 days ago, he found someone who is qualified and willing to help him with this case, but that person generally works for another attorney, and the other attorney was adamant that their investigator did not have enough time to help counsel with this case while also handling the other attorney's cases.

9. Despite this, the paralegal/investigator has agreed to  assist counsel with this case, but cannot begin work on this case for about another week.

10. Thus, counsel is in a position where he will not be able to begin using the services of a qualified paralegal/investigator in this case until about one month

before the trial of this case is scheduled to begin.  That is simply not enough time to gather all of the discovery, review it extensively, and prepare for trial.

11. There is also another significant reason that counsel cannot be ready by the trial date, but outlining that reason here could result in prejudice to another party that counsel wishes to avoid.

12. Undersigned counsel reached out to the United States several weeks ago to discuss the issue of pushing back the start of this trial, and just a few days ago, the government responded to counsel by explaining that it had run this question up the chain of command within the Department of Justice and that that entity indicated that it would not oppose a continuance.

13. As a side note, it may seem surprising to this Court that it is so difficult to find someone who is qualified and able to assist in a review of the voluminous discovery materials in these January 6 cases.  Counsel himself could not believe how difficult it has been to locate such a person.  In connection with his efforts, counsel even located another attorney (not a paralegal or investigator) who was willing to help, and who has the technical expertise to assist in this type of case, but as luck would have it, she was due to have a baby any day (at the time counsel inquired), and finally delivered a baby girl several months ago.  Of course, she is now spending sleep-deprived nights with her newborn, and that has prevented her from assisting counsel altogether, leading to the need to search yet again for someone who could help in this matter.

14. In any event, counsel has done everything he could to move this case forward, and is finally at the point where, starting in about a week, he will be able to begin an earnest review of the huge volume of discovery in Mr. Strand's case.[1]

15. The government and counsel discussed possible new trial dates, were this Court to grant a continuance.  Given the need to review hundreds of hours of video and other matters, to interview various witnesses thereafter (or simultaneously), and to incorporate all of that work into a meaningful effort at trial preparation, counsel believes that he will need at least five months to adequately and competently prepare this case for trial, especially in light of the fact that this is not counsel's only case.

16. Again, the United States of America, through Assistants April Ayers-Perez and Jason Manning, consents to this request.

17. If the Court grants this motion, the parties are ready to work with the Court to find a new trial date that is available to all concerned.

18. Mr. Strand will agree to waive his rights under the Speedy Trial Act for the necessary time period between the current trial date and any other date that may toll the speedy trial clock, such as the anticipated filing of pretrial motions.

---

[1] For the record, counsel has been able to look at some of the discovery in the case through the assistance of Dr. Gold's investigator, but that assistance has been purposefully limited by that investigator.

WHEREFORE, in light of the foregoing, and for any other reasons that may appear to this Court, defendant moves for a postponement of the trial date, and for any other relief this Court deems just and proper.

Respectfully submitted,

*Stephen F. Brennwald*

_____
Stephen F. Brennwald  #398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, SE
Washington, D.C.  20003
(301) 928-7727
sfbrennwald@cs.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was submitted, by ECF, this 7th day of June, 2022, to all parties of record.

*Stephen F. Brennwald*

_____
Stephen F. Brennwald