UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : Crim. No. 21-85 (CRC) |
| JOHN STRAND | : **UNDER SEAL** |

**MOTION FOR RECUSAL**

Defendant, John Strand, through undersigned counsel, Stephen F. Brennwald, Brennwald & Robertson, and, pursuant to 28 U.S.C. §455, hereby moves this Court to disqualify itself from the proceedings in this case. In support of his motion, he states as follows:

*Factual Background*

On January 18, 2021, Mr. Strand and Dr. Simone Gold were arrested on a complaint charging them with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a), and disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2).

On February 5, 2021, a grand jury indicted them on a total of five counts: Obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of § 1752(a)(2); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).

The government alleged, *inter alia*, that defendant and his (former) co-defendant, Dr.

Simone Gold, forcibly entered the U.S. Capitol building on January 6, 2021, and remained in the building for almost an hour.

At the defendants' arraignment on February 25, 2021, this Court stated that "[i]t has come to my attention that Dr. Gold and I attended the same law school during overlapping years.  I don't believe that I met her acquaintance at the time except perhaps in passing….  I don't believe that that's a basis for my disqualification from this case, but if Ms. Gold or any other party, for that matter, disagrees, you should feel free to file a motion…".  The Court indicated that if either party wished to file a motion for disqualification, it "would likely favorably entertain a request to transfer this case to another judge."

The Court did ask that if anyone intended to file such a motion, they do it "by the end of our next status conference" so that the Court would not invest too much time and energy in the matter.

Neither party filed a motion by the next status conference.

On March 3, 2022, Dr. Gold entered a plea of guilty to count 2 of the indictment.

At Dr. Gold's sentencing hearing, on June 16, 2022, the Court chastised her for, among other things, allegedly using the criminal charges against her as a basis to raise large sums of money for herself and/or her organization.  The Court also reprimanded Dr. Gold for her failure to show remorse for the deaths of five people who died on or after January 6, 2021.

At the beginning of the sentencing hearing, the Court noted that it had received a letter from a person who had apparently served on the California Medical Board in the past.  Upon information and belief, the Court had received the letter at least several days before the sentencing hearing – as had the government – but disclosed it to Dr. Gold and her attorneys on the day of sentencing, and actually, during the hearing itself.[1]

After lengthy allocutions by both parties, the Court sentenced Dr. Gold to 60 days in prison, 12

---

[1] The Court did indicate that it would not take any information in that letter into account with respect to sentencing.

months of supervised probation, $500 in restitution, and a $9,500 fine.

On Tuesday, July 26, 2022, sometime after 11:00 a.m., undersigned counsel received a copy of an affidavit signed by Dr. Gold that alleges that she and this Court had several "social interactions" with the Court during their time at Stanford Law School.

The document also detailed several other factors that were discussed at sentencing to claim or infer that the Court did not view Dr. Gold impartially at the time of sentencing.[2]

*Argument*

28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Canon 2A of the Code of Conduct for United States Judges states that "a judge should avoid … the appearance of impropriety in all activities."

The Commentary to that Canon explains that "[a]n appearance of impropriety occurs when reasonable minds, with knowledge of all of the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's … impartiality … is impaired."

There is surprisingly little (at least as far as counsel could determine) caselaw discussing the legal and canonical guidance applicable to the type of "fact" pattern at issue here. Most cases take place in the context of disciplinary proceedings, and cover a broad swath of conduct.

Here, suffice it to say that defendant Strand is not confident that his trial will be fair, in light of the statements made by Dr. Gold in her affidavit. He is especially concerned because Dr. Gold may testify at his trial, and he is worried that her testimony may be curtailed, that government objections may be freely sustained, and that her testimony will, in a number of ways, be affected not only by events from

---

[2] Undersigned counsel obviously has no personal knowledge about information contained in the allegations in the first part of the affidavit. Counsel does have a copy of the transcript of the sentencing hearing that took place on June 16, 2022.

the past but by the Court's views of Dr. Gold, as revealed at the sentencing hearing.

Mr. Strand is also concerned that although the Court told Dr. Gold's counsel that it would not consider information in a letter sent directly to the Court from a person formerly associated with the California Medical Board, the Court did not disclose the existence of that letter to the defense until the actual sentencing hearing. The government has indicated that it received the letter at least several days before sentencing, and it has also indicated that it believes the Court received the letter several days before sentencing as well. If the Court in fact received the letter a day or more before sentencing, defendant does not understand why it was not disclosed to the defense until the beginning of the sentencing hearing. But defendant, to be clear, does not know the timing of the Court's receipt of that document, so he can only analyze the situation based on the information he has received.

Defendant agrees with Dr. Gold that the Court's sentence in her case was unduly harsh, given all of the circumstances, and especially when compared with other sentences this Court has given other defendants in other misdemeanor January 6 cases, even considering various differences between their cases

As the Court is undoubtedly aware, Mr. Strand has never even come close to getting arrested before his arrest in this case, such that this case is a monumental event in his life.

He has decided to go to trial, which has proven to be a disastrous undertaking for every defendant to have done so before a jury in this district.[3] And because he is not naive about his chances of success at trial in this city (which he estimates are "slim to none"), he is especially worried about the claims that Dr. Gold has raised, and how that could impact his trial.

As to the timing of this motion, undersigned counsel does not believe that Mr. Strand was aware of the information alleged by Dr. Gold in her affidavit with respect to law school interactions until after

---

[3] Of the seven jury trials that have taken place in this district in January 6 cases, every defendant has been convicted of every single charge in their indictment.

her sentencing on June 16, 2022. As such, he had no basis, at the time this Court initially offered to "disqualify" itself on February 25, 2021, to seek such an outcome.

Now that Dr. Gold has shared her recollections with him, and he has witnessed the events that occurred at her sentencing hearing (not just the letter from Ms. Lawson, but the Court's statements regarding its belief that Dr. Gold raised funds for herself by misrepresenting important facts about her case), he does not believe that it can be said that there isn't at least "an appearance" of bias that could affect the fairness of his upcoming trial.

For the foregoing reasons, he asks this Court to disqualify itself from presiding over this case. And while the Court may not conclude that it must do so, defendant submits that doing so would avoid unnecessary questions and concerns about the fairness of the proceedings – indeed, a trial for his life.

WHEREFORE, for the foregoing reasons, as well as for such other reasons as may appear to this Court, defendant asks this Court to disqualify itself, and for any other relief this Court deems proper.

Respectfully submitted,

*Stephen F. Brennwald*

_____
Stephen F. Brennwald, Esq.
Bar No. 398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, SE
Washington, D.C. 20003
(301) 928-7727
(202) 544-7626 (facsimile)
sfbrennwald@cs.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing document was sent to a secure court email, this 1st day of August, 2022, to all parties of record.

*Stephen F. Brennwald*

Stephen F. Brennwald