```
1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
2

3    - - - - - - - - - - - - - - - x
     THE UNITED STATES OF AMERICA,
                                         Criminal Action No.
4                   Plaintiff,           1:21-cr-00085-CRC
                                         Thursday, February 25, 2021
5    vs.                                 2:05 p.m.

6    JOHN HERBERT STRAND and
     SIMONE MELLISA GOLD,
7
                    Defendant(s).
8    - - - - - - - - - - - - - - - x
     _____
9
                   TRANSCRIPT OF ARRAIGNMENT
10       HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                 UNITED STATES DISTRICT JUDGE
11   _____

12   APPEARANCES:

13   for the United States:    APRIL HOLLY AYERS-PEREZ, ESQ.
                               U.S. ATTORNEY'S OFFICE
14                             Southern District of Texas
                               11204 McPherson Road
15                             Laredo, TX 78045
                               956-723-6523
16                             april.perez@usdoj.gov

17   For Defendant Strand:     STEPHEN F. BRENNWALD, ESQ.
                               BRENNWALD & ROBERTSON, LLP
18                             922 Pennsylvania Avenue, SE
                               Washington, DC 20003
19                             301-928-7727
                               sfbrennwald@cs.com
20
     For Defendant Gold:       DICKSON J. YOUNG, ESQ.
21                             WHITESTONE YOUNG, PC
                               10513 Judicial Drive, Suite 300
22                             Fairfax, VA 22030
                               757-591-0200
23                             djy@whitestoneyoung.com

24

25       (CONTINUED ON NEXT PAGE)
```

Case 1:21-cr-00085-CRC Document 74 Filed 03/31/22 Page 2 of 14

2

```
1    APPEARANCES (Continued):

2    For Defendant Gold:            KIRA ANNE WEST, ESQ.
                                    LAW OFFICE OF KIRA WEST
3                                   712 H St, NE, Unit 509
                                    Washington, DC 20002
4                                   202-236-2042
                                    kiraannewest@gmail.com
5
     Court Reporter:               Lisa A. Moreira, RDR, CRR
6                                   Official Court Reporter
                                    U.S. Courthouse, Room 6718
7                                   333 Constitution Avenue, NW
                                    Washington, DC  20001
8                                   202-354-3187

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2            THE COURTROOM DEPUTY:  Your Honor, we're on the

 3    record for Criminal Case 21-85, United States of America vs.

 4    John Herbert Strand and Simone Melissa Gold.

 5            Counsel, please identify yourselves for the

 6    record.

 7            MS. AYERS-PEREZ:  Good afternoon, Your Honor;

 8    April Ayers-Perez for the government.

 9            MR. YOUNG:  Good afternoon, Your Honor; Dickson

10    Young for Dr. Gold, together with Kira West.

11            MR. BRENNWALD:  Good afternoon, Your Honor; Steve

12    Brennwald with Mr. Strand, who is with us by video.

13            THE COURT:  All right.  Good afternoon, everyone.

14            Ms. Gold, I can see you.  Mr. Strand, I can see

15    you.  Can you all see and hear me?

16            DEFENDANT STRAND:  Yes.

17            DEFENDANT GOLD:  Yes.

18            THE COURT:  Okay.  We are obviously appearing by

19    video.  We would ordinarily do this proceeding here in open

20    court, but because of the pandemic we have been conducting

21    proceedings by Zoom video in the interest of public safety,

22    but in order to proceed we need your consent.  Have you all

23    discussed that with your respective lawyers, and are you

24    willing to go forward by video this afternoon?

25            Let's start with Mr. Strand.
```

```
1              DEFENDANT STRAND:  Yes, Your Honor, I am.

2              THE COURT:  And Ms. Gold?

3              DEFENDANT GOLD:  Yes, sir.

4              THE COURT:  Okay.  First of all, let's start off

5    with a housekeeping matter.  It has come to my attention

6    that Dr. Gold and I attended the same law school during

7    overlapping years.  I don't believe that I met her

8    acquaintance at the time except perhaps in passing, and as

9    far as I know, I have not seen or spoken to her in the 30-

10   some-odd years since then.  I don't believe that that's a

11   basis for my disqualification from this case, but if

12   Ms. Gold or any other party, for that matter, disagrees, you

13   should feel free to file a motion.  I will not be offended

14   in the least, and I would likely favorably entertain a

15   request to transfer this case to another judge.  All that I

16   ask is that you file any such motion by the time of our next

17   status conference, which I suspect we will schedule at the

18   end of this proceeding, so that I don't invest too much time

19   and energy in the case.  Fair enough?

20             MR. YOUNG:  Yes, sir.

21             THE COURT:  All right.  So I know it's somewhat

22   confusing to defendants to appear before multiple judges in

23   the same case, but now that the case has been formally

24   indicted I have been randomly assigned to preside over the

25   trial; so absent unexpected circumstances and subject to the
```

```
 1     information that I just put on the record, I will be the

 2     presiding judge from here on out.

 3             This afternoon is our arraignment, which is your

 4     opportunity to enter your plea to the charges in the

 5     indictment, and before we go forward, I will need to put

 6     both of you under oath.

 7             Let's start with Mr. Strand, if you could raise

 8     your right hand, please.

 9             (Defendant sworn)

10             THE COURTROOM DEPUTY:  Please state your full name

11     for the record.

12             DEFENDANT STRAND:  My name is John Strand.

13             THE COURTROOM DEPUTY:  Thank you.

14             THE COURT:  Okay.  Dr. Gold.

15             DEFENDANT GOLD:  Yes, sir.

16             THE COURT:  Could you raise your right hand,

17     please.

18             DEFENDANT GOLD:  Yes.

19             (Defendant sworn)

20             THE COURTROOM DEPUTY:  Please state your name for

21     the record.

22             DEFENDANT GOLD:  Simone Melissa Gold.

23             THE COURTROOM DEPUTY:  Thank you.

24             THE COURT:  All right.  Mr. Strand, since you are

25     listed first in the indictment, let's start with you.  I'm
```

```
 1    going to ask you a few questions.  These are not personal.

 2    I only ask so that I can ascertain whether you are prepared

 3    and competent to enter your plea this afternoon.

 4              So, first of all, how old are you, sir?

 5              DEFENDANT STRAND:  37.

 6              THE COURT:  And how far did you go in school?

 7              DEFENDANT STRAND:  About a year and a half in

 8    junior college for business administration.

 9              THE COURT:  And are you employed?

10              DEFENDANT STRAND:  I am.

11              THE COURT:  Where do you work?

12              DEFENDANT STRAND:  I work for a nonprofit

13    organization headed by the Free Speech Foundation called

14    America's Frontline Doctors.

15              THE COURT:  Okay.  And where do you live, sir?

16              DEFENDANT STRAND:  In Los Angeles, California;

17    Beverly Hills.

18              THE COURT:  Have you taken any drugs or alcohol in

19    the last 24 hours that would impair your ability to

20    understand what's going on this afternoon or to concentrate

21    on these proceedings at all?

22              DEFENDANT STRAND:  No, not at all.

23              THE COURT:  Same question with respect to

24    medications, either prescription drugs or over-the-counter.

25              DEFENDANT STRAND:  No, neither.
```

```
1                THE COURT:  And I see that you are here with

2    Mr. Young and Ms. West.  Have you been satisfied with their

3    services in this case thus far?

4                DEFENDANT STRAND:  My counsel is --

5                THE COURT:  Oh, I'm sorry, Mr. Brennwald.  How

6    could I forget?

7                DEFENDANT STRAND:  And he's been fantastic, for

8    the record.

9                THE COURT:  Okay.  Terrific.

10               And have you reviewed the indictment with him?

11               DEFENDANT STRAND:  Yes, sir, I have.

12               THE COURT:  Mr. Brennwald, would you like to waive

13   formal reading of the indictment, or should I read the

14   indictment for Mr. Strand?

15               MR. BRENNWALD:  No, Your Honor.  We will waive

16   formal reading of the indictment and enter a plea of not

17   guilty to each count in the indictment.

18               THE COURT:  Did you get that, Lisa?

19               THE COURT REPORTER:  Yes.

20               THE COURT:  All right.  We're having a little bit

21   of trouble picking you up, Mr. Brennwald.  If you could,

22   keep your voice up and move closer to the computer perhaps.

23               All right.  Ms. Gold, same questions for you.

24               How far did you go in school?

25               DEFENDANT GOLD:  Two doctorate degrees.
```

```
 1                THE COURT:  Okay.  And are you employed?

 2                DEFENDANT GOLD:  Yes.

 3                THE COURT:  And where are you employed?

 4                DEFENDANT GOLD:  I am the founder of America's

 5     Frontline Doctors, so the founder/CEO.

 6                THE COURT:  And are you a Californian as well?

 7                DEFENDANT GOLD:  Yes.

 8                THE COURT:  Any drugs or alcohol in the last 24

 9     hours that would impair your ability to understand what's

10     going on this afternoon?

11                DEFENDANT GOLD:  No.

12                THE COURT:  Same question for medications, over-

13     the-counter or prescription?

14                DEFENDANT GOLD:  No impairment.

15                THE COURT:  And are you satisfied with the

16     services of your lawyers in this case thus far?

17                DEFENDANT GOLD:  Yes.

18                THE COURT:  Have they furnished you with a copy of

19     the indictment?

20                DEFENDANT GOLD:  Yes.

21                THE COURT:  And do you understand the charges

22     against you?

23                DEFENDANT GOLD:  Yes.

24                THE COURT:  Counsel, waive reading?

25                MR. YOUNG:  Yes, Judge.  We'd waive formal reading
```

```
 1    of the indictment, and we would plead not guilty.

 2              THE COURT:  Very well.  All right.  The not guilty

 3    pleas will be entered.

 4              Ms. Ayers-Perez, where do things stand?

 5              MS. AYERS-PEREZ:  Yes, Your Honor.  Right now

 6    we're working on a --

 7              THE COURT:  I'm sorry, and you're from Texas; is

 8    that right?

 9              MS. AYERS-PEREZ:  I am from Texas.  I'm one of the

10    ones who is detailed to D.C. for the Capitol rioting cases.

11              THE COURT:  Okay.  Well, welcome virtually to

12    Washington.  Nice to meet you.

13              MS. AYERS-PEREZ:  We're working on discovery.  We

14    have some preliminary discovery we expect to get over in the

15    next week or so, but of course the global discovery is going

16    to take some more time.

17              We would ask for a 60-day continuance and have a

18    status conference set out at that time and to toll the

19    speedy trial during that time period, Your Honor.

20              THE COURT:  Okay.  Counsel, any objections to

21    tolling speedy trial for approximately 60 days?

22              MR. YOUNG:  No.

23              MR. BRENNWALD:  No.  We don't have objections on

24    Mr. Strand's behalf until the next court hearing.

25              THE COURT:  Okay.  Mr. Young?  Ms. West?
```

1           MR. YOUNG:  That's correct, Judge.  We concur in

2      that.

3           THE COURT:  Okay.  Very well.

4           April 27th, Ms. Jenkins?

5           THE COURTROOM DEPUTY:  April 28th at 11:00 a.m.

6           THE COURT:  Counsel, April 28th at 11:00 a.m.?

7           MR. YOUNG:  Let's see.  That's fine.

8           MR. BRENNWALD:  That works for me as well.  I have

9      to check with Mr. Strand obviously.

10          THE COURT:  Ms. Ayers-Perez?

11          MS. AYERS-PEREZ:  Yes, that works for me.  Thank

12     you.

13          THE COURT:  All right.  The Court will continue

14     this matter for a further status conference on April 28th at

15     11:00 a.m.  The Court will exclude the time between now and

16     then from the otherwise applicable Speedy Trial Act

17     calculations in the interests of justice to enable the

18     defense to review the discovery that is forthcoming from the

19     government.

20          Both defendants have been released on their own

21     recognizance under certain conditions.  Please comply with

22     those -- or please continue to comply with those conditions.

23     If you were not to comply, I would get a report from

24     pretrial services that would put me in the unenviable

25     position of having to decide whether to detain you pending

```
 1    trial.  I do not want to be put in that position, nor do I

 2    think you want to be, and so I would just ask that you

 3    continue to comply with your conditions of release.

 4              Anything else, Counsel?

 5              MR. YOUNG:  No, sir.

 6              MS. AYERS-PEREZ:  Nothing from the government.

 7              THE COURT:  Ms. Gold, was that a hand being

 8    raised, or nothing?

 9              DEFENDANT GOLD:  I defer to my attorneys over

10    things we've discussed.

11              THE COURT:  Okay.  Ms. West?

12              You're on mute, Ms. West.

13              MR. BRENNWALD:  I'm not sure what happened to her.

14    I don't see her in the picture.

15              THE COURT:  We see everyone.  I just think there

16    is some confusion from the signals I'm getting from the

17    video.

18              Mr. Young, anything to add before we adjourn?

19              MR. YOUNG:  No, sir.

20              THE COURT:  Very well.  We will see everyone back

21    here on April 28th at --

22              DEFENDANT GOLD:  No, no, Your Honor.  Ms. West is

23    trying to speak.

24              THE COURT:  Okay.  Ms. West, you've got to take

25    yourself off mute or do something else because we can't hear
```

```
1    you in the courtroom.

2              MS. WEST:  I'm sorry, I'm working on my -- can you

3    hear me now?

4              Okay.  I apologize, Your Honor.

5              We have one item, Your Honor, that I wanted the

6    Court to be aware of.

7              THE COURT:  Okay.

8              MS. WEST:  Last week Dr. Gold, who is the CEO of

9    America's Frontline Doctors -- that's her job -- she

10   attempted to fly to her work last week and was told by TSA

11   agents that she was not allowed to fly.

12             Yesterday, I spoke with the Assistant United

13   States Attorney.  She acknowledged that she knew about

14   that.  She acknowledged that she had spoken to the FBI agent

15   about that, but she did not know how the FBI agent knew that

16   Dr. Gold had been put on a no-fly list.

17             That's very concerning to me because Dr. Gold is

18   innocent until proven guilty.  Why she's on a no-fly list is

19   very concerning to me so we wanted the Court to know that we

20   will be working on that and perhaps filing something in that

21   regard.

22             THE COURT:  Okay.  Well, obviously travel

23   restrictions are not one of her conditions, as far as I

24   know.  I've dealt with this issue in other cases, and I

25   believe that there is a process through TSA and the
```

1    transportation department to be lifted from the no-fly list

2    if it was an erroneous inclusion.

3            The Court doesn't have jurisdiction over that

4    process.  That is an administrative process within TSA.  So

5    I would encourage you to pursue that, but I'm not sure that

6    the Court would be in a position to entertain a motion until

7    you exhaust that administrative process.

8            MS. WEST:  And that's exactly what I told Dr. Gold

9    when we spoke about it, Your Honor, and we will be filing

10   paperwork in that administrative process, and I just wanted

11   the Court to be aware of the situation.

12           THE COURT:  Very well.

13           Anything else?

14           MS. WEST:  No, Your Honor.

15           THE COURT:  All right.  We will see you back here

16   on the 28th.  We'll stand in recess.

17                    (Whereupon the hearing was

18                     concluded at 2:18 p.m.)

19

20

21

22

23

24

25

1                **CERTIFICATE OF OFFICIAL COURT REPORTER**

2

3                    I, LISA A. MOREIRA, RDR, CRR, do hereby

4       certify that the above and foregoing constitutes a true and

5       accurate transcript of my stenographic notes and is a full,

6       true and complete transcript of the proceedings to the best

7       of my ability.

8           **NOTE:**  This hearing was held during the COVID-19

9       pandemic stay-at-home restrictions and is subject to the

10      technological limitations of court reporting remotely.

11                    Dated this 29th day of March, 2021.

12

13
                                    /s/Lisa A. Moreira, RDR, CRR
14                                  Official Court Reporter
                                    United States Courthouse
15                                  Room 6718
                                    333 Constitution Avenue, NW
16                                  Washington, DC 20001

17

18

19

20

21

22

23

24

25