UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JOHN HERBERT STRAND**, <br><br> Defendant. | Case No. 21-cr-85 (CRC) |

**OPINION AND ORDER**

Defendant John Herbert Strand moves to transfer this case to the Middle District of Florida, the Eastern District of Virginia, or another venue. He contends that prospective jurors in the District of Columbia are prejudiced against defendants, like him, who have been charged in connection with the breach of the U.S. Capitol on January 6, 2021. The Court will deny the motion without prejudice.

"In all criminal prosecutions," the Sixth Amendment guarantees "the accused" the right to trial "by an impartial jury" in the "district wherein the crime shall have been committed." U.S. Const. amend. VI. "The Constitution's place-of-trial prescriptions, however, do not impede transfer of the proceeding to a different district at the defendant's request if extraordinary local prejudice will prevent a fair trial." Skilling v. United States, 561 U.S. 358, 378 (2010). Federal Rule of Criminal Procedure 21(a), in turn, mandates transfer for trial "if the court is satisfied that so great a prejudice against the defendant exists" in this district "that the defendant cannot obtain a fair and impartial trial" here. Drawing on a poll of jury-eligible citizens in Washington, D.C., Mr. Strand asserts that a fair trial cannot be had in the District because the poll shows both general bias against those who came to the Capitol on January 6th and pervasive news coverage of the resulting riot.

Strand's motion is premature. The "well established procedure" in this circuit directs district courts to "refus[e] [defendants] pre-voir dire requests for . . . a change of venue." United States v. Haldeman, 559 F.2d 31, 63–64 (D.C. Cir. 1976) (en banc) (per curiam). Voir dire will show whether "an impartial jury actually cannot be selected." Id. at 63; see also, e.g., United States v. Campa, 459 F.3d 1121, 1143–48 (11th Cir. 2006) (en banc); United States v. Yousef, 327 F.3d 56, 155 (2d Cir. 2003); United States v. Bakker, 925 F.2d 728, 732 (4th Cir. 1991). At this early stage, Strand's request essentially asks this Court to presume prejudice, but such a presumption "attends only the extreme case." See Skilling, 561 U.S. at 381. The privately conducted opinion poll on which he relies is no substitute for "comprehensive voir dire examination," while prospective jurors are under oath. See Haldeman, 559 F.2d at 64 n.43 (trial court did not err in declining to rely on public opinion poll commissioned by the defense); see also United States v. Rodriguez, 581 F.3d 775, 786 (8th Cir. 2009) (collecting circuit cases that "have declined to rely on public opinion polls when reviewing denials of motions for change of venue in criminal cases").

The report here—prepared by a private litigation-support firm commissioned by the Office of the Federal Public Defender Office for D.C.—does not warrant departing from customary practice. Its analysis considered only coverage of January 6th generally, not Mr. Strand specifically. And even at this high level of generality, some of the relatively more pointed questions do not support a presumption of prejudice. Question five, for example, asked: "Assume you are on a jury for a defendant charged with crimes for his or her activities on January 6th. Are you more likely to vote that the person is guilty or not guilty of those charges?" A combined 46% answered "Depends" or "Don't know/Refused," indicating that almost half of potential jurors in D.C. had not formed an opinion about a generic "defendant charged with

crimes." That is without an instruction on the presumption of innocence and without questioning on any "bias or prejudice that would prevent [jurors] from returning a verdict according to the law and evidence" of this case.  See United States v. Tsarnaev, 142 S. Ct. 1024, 1034 (2022) (citation omitted).

The Court has no doubt that, given the extensive media coverage, many prospective jurors will be generally knowledgeable about the events of January 6th.  But "[t]he right to an 'impartial' jury 'does not require *ignorance*.'"  Tsarnaev, 142 S. Ct. at 1034 (citation omitted).  The Court will determine whether individual prospective jurors harbor bias or prejudice requiring that they be excluded, and whether an impartial jury can be impaneled, through voir dire.[1]

---

[1] The Court's conclusion is unaltered by the anecdotal evidence offered by defense counsel in his reply brief concerning the viewpoints of D.C. residents about the January 6th prosecutions.  Having presided over the second jury trial of a January 6th defendant, the Court is perhaps more confident than counsel that D.C. jurors can fulfill their sworn duties to apply the law impartially to Mr. Strand, no matter what effect the events of January 6 may have had on the city generally.  While that jury ultimately returned a guilty verdict on all counts, it did so after extensive deliberation and the submission of numerous notes seeking clarification of the offense elements and other jury instructions.  Nor, in the Court's experience, does the publicity surrounding the relevant events eliminate the possibility of selecting a fair jury.  Many members of the Court's prior jury indicated in voir dire that they had not followed the events of January 6 closely since they occurred.  The Court will conduct this voir dire with a similar eye towards identifying any potential jurors who might be unduly influenced by pre-trial publicity.

For these reasons, it is hereby

**ORDERED** that Defendant Strand's [79] Motion to Transfer Venue is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                                                                                     _____
                                                                                                     CHRISTOPHER R. COOPER
                                                                                                     United States District Judge

Date:  August 17, 2022