**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| v. | Case No. 21-cr-85 (CRC) |
| **JOHN HERBERT STRAND**, | |
| Defendant. | |

**OPINION AND ORDER**

Defendant John Herbert Strand stands charged with one felony and four misdemeanor criminal counts stemming from his presence in the United States Capitol building on January 6, 2021. He entered a not guilty plea and has declined the government's offer to plead guilty to one of the misdemeanor counts. Strand is scheduled to be tried before a jury, in this Court, beginning September 19, 2022.

Mr. Strand was indicted along with a co-defendant, Dr. Simone Gold, whom he accompanied to the Capitol. This Court arraigned both defendants by video conference on February 25, 2021. At the arraignment, the Court publicly disclosed that he and Dr. Gold had attended law school together in the early 1990s. Arraignment Hr'g Tr. at 4 (Feb. 25, 2021), ECF No. 24. The Court then stated:

> I don't believe that I [made] her acquaintance at the time except perhaps in passing, and as far as I know, I have not seen or spoken to her in the 30-some-odd years since then. I don't believe that's a basis for my disqualification from this case, but if Ms. Gold[,] or any other party[] for that matter, disagrees, you should feel free to file a motion. I will not be offended in the least, and I would likely favorably entertain a request to transfer this case to another judge. All that I ask is that you file any such motion by the time of our next status conference, which I suspect we will schedule at the end of this proceeding, so that I don't invest too much time and energy in the case. Fair enough?

Id. at 4.  Dr. Gold's counsel responded, "Yes, sir."  Id.  The Court set a further status conference for approximately 60 days later.  Min. Order (Feb. 25, 2021).  No party moved for the Court's recusal during those two months or thereafter, and the case has proceeded for the past seventeen months.

On March 3, 2022, Dr. Gold pled guilty to Count 2 of the Indictment, charging her with Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1).  The Probation Office calculated her advisory Sentencing Guidelines range at zero to six months' incarceration.  The Court held a sentencing hearing on June 16, 2022.  After receiving presentations from both sides and from the Probation Office, the Court imposed a sentence of 60 days' incarceration, along with a fine, and permitted Gold to self-surrender to the Bureau of Prisons.  The Court's sentence fell above Gold's request for time served and community service, but below the recommendations of both the government (90 days' incarceration) and the Probation Office (6 months' incarceration).

Meanwhile, Mr. Strand still awaits trial.  On July 15, 2022, his counsel requested a hearing to raise an undisclosed issue with the Court.  See Notice Req. Hr'g, ECF No. 80.  The Court accommodated the request and convened a video conference on July 26, 2022.  Min. Order (July 19, 2022).  The Court sealed the conference at defense counsel's request.  Strand's counsel proceeded to inform the Court that at some point after Gold's sentencing, Gold advised Strand's counsel that she remembered having more extensive interactions with the Court in law school than the Court discussed at the arraignment.  Counsel did not elaborate much on the nature or details of these purported interactions.  But he indicated that Strand was asking the Court to recuse from the case given what Gold had reported.  Hr'g Tr. (Rough) at 3 (July 26, 2022).  The

concern, according to counsel, was to avoid "any kind of question" in the event Gold is called as a witness at Strand's upcoming trial.  See id. at 4-5.

The Court declined to rule on Mr. Strand's recusal request absent further details concerning these supposed interactions with Dr. Gold.  Instead, the Court invited Strand to file a written motion, supported by sworn declarations stating the factual basis for recusal and any case law favoring disqualification under similar circumstances.

Strand has now filed that motion.[1]  See Mot. Recusal, ECF No. 85.  It is accompanied by a sworn affidavit from Gold, the contents of which she apparently issued as a public statement before Strand filed the motion.  The affidavit includes a laundry list of grievances over Gold's sentencing.  It also describes two purported social interactions between Gold and the undersigned during law school.  After one interaction, Gold claims that the undersigned invited her to dinner and that she declined.  In his motion, Strand contends that the statements made by Gold in her affidavit suggest an appearance of bias on the part of the Court that calls for its recusal, particularly since Gold may appear as a defense witness at trial.

The Court will deny the motion.

First, Strand's adoption of Gold's objections to her sentence—which was below the midpoint of the Sentencing Guidelines range and both the government's and the Probation Office's recommendation—does not warrant a tit-for-tat response.  The Court explained its reasoning in open court at the sentencing hearing and need not repeat it here.  See generally

---

[1] Strand filed his motion under seal.  However, the presumption of transparency in criminal proceedings applies with equal (if not greater) force to allegations of judicial bias raised by a party in the course of a case.  The Court will therefore direct the Clerk's Office and the court reporter to unseal the motion and all related filings and hearing transcripts that have been sealed at the defense's request.

Sentencing Hr'g Tr., <u>United States v. Gold</u>, No. 21-cr-00085-2 (D.D.C. June 16, 2022), ECF No. 72.[2]

Second, as to Gold's supposed recollection that the undersigned invited her to dinner or any similar social engagement, the undersigned certainly recalls nothing of the sort. As noted at the arraignment, the Court has no memory of interactions with Gold beyond meeting her in passing during law school. That remains the case. Regardless of what Gold may now recall, any three-decades-old interactions, of which the undersigned has no memory, have had no influence on the Court's handling of these proceedings. The Court gave that assurance at the arraignment and reiterates it today.

Third, the time to raise any potential conflicts is long overdue. Gold complains in her affidavit that the parties were forced to quickly decide at the arraignment whether to move for recusal. Mot., Gold Aff. ¶ 6 (stating that she was "really surprised and had to quickly decide what to do" and adding "she was not next to [her] attorneys"). Not so. As the above excerpt from the arraignment transcript confirms, the Court gave the defendants (who present themselves as a couple) and their counsel ample time—two months—to consider and consult with one another about grounds for recusal. Neither defendant chose to raise the issue by the Court's deadline of late April 2021, despite the Court's indication that it would likely grant any motion

---

[2] Strand does raise one separate complaint about Dr. Gold's sentencing that is not mentioned in her affidavit: that the Court waited until the sentencing hearing to disclose a negative letter it received about Gold from a representative of the California Medical Board. In fact, the Court only received the letter the day before the hearing, disclosed it to Gold's counsel in fairness to her, and, as defense counsel acknowledges, declined to consider the allegations in the letter precisely because Gold had not had an adequate opportunity to respond to them. Sentencing Hr'g Tr. at 20-21, 43, <u>United States v. Gold</u>, No. 21-cr-00085-2 (D.D.C. June 16, 2022), ECF No. 72.

they filed.   Strand insists that he only recently learned of Gold's statements about her interactions with the Court.   Given the nature of their relationship, however, it strains credulity that, if Gold genuinely recalled the interactions she now describes, she would have concealed that purportedly significant information from Strand about the judge presiding over their joint criminal case.

Fourth, Mr. Strand's motion smacks of gamesmanship.   Its eleventh-hour timing and surrounding circumstances strongly suggest that Strand seeks reassignment because he and Gold were unhappy with her sentence, and he would thus prefer another judge to conduct the remainder of his proceedings.   The Court will not reward any such tactic.   The disqualification rules may not be employed to forum shop where no actual or apparent bias exists.   As relevant here, federal judges have an obligation to disqualify themselves when their "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or when they have "a personal bias or prejudice concerning a party."   Id. § 455(b)(1).   A long-ago acquaintance with a party (who now is merely a potential witness)—promptly disclosed by the Court on the record with no objection until the eve of trial seventeen months later—does not come close to approaching either standard.

Finally, even setting aside all of the above, there is no basis for the Court's disqualification from the remaining proceedings involving Mr. Strand.   This case is now about him, not Gold.   While Strand might perceive her sentence as "unduly harsh," Mot. at 4, a defendant's objection to his co-defendant's sentence certainly is no basis for a judge's recusal. Nor is Strand's misplaced concern about the reception Gold would receive as a witness at his upcoming trial.   Were Gold to testify despite her admissions of criminal liability to some of the same conduct with which Strand is charged, she would be permitted, like any other witness, to offer relevant and admissible testimony within the rules of evidence.   Nor could anything in

Gold's affidavit affect the impartial assessment of her credibility as a witness, as the factfinder at trial will be a jury, not this Court.

The Court, accordingly, hereby **ORDERS** that Mr. Strand's [85] Motion for Recusal is **DENIED**.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  <u>August 17, 2022</u>