UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : Case No. 21-CR-85 (CRC) |
| JOHN STRAND | : |

**MOTION TO CONTINUE TRIAL**

Defendant, John Strand, through undersigned counsel, Stephen F. Brennwald, in support of his Motion to Continue Trial, states as follows:

1. Defendant John Strand is scheduled to begin trial in this matter on September 19, 2022.

2. Defendant Strand's co-defendant, Dr. Simone Gold, pled guilty some time ago, and was sentenced to 60 days in prison, with other conditions.

3. Dr. Strand began serving her 60-day sentence on July 26, 2022.

4. Because federal defendants who are sentenced to less than a year and a day do not receive "good time" credits, Dr. Gold will have to spend 60 actual days in jail.[1]

5. Assuming that she is given credit for the first day of her sentence, as well as the last, she should be released, at the earliest, on Friday, September 23, 2022.

---

[1] 18 U.S.C. § 3624(b)(1) provides that "…a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."  A prisoner serving a year or less, by definition, does not receive any good-time credit.

6. Because Dr. Gold will not be released until the end of the week of trial, by which time the trial will likely have concluded, defendant will be deprived of the Constitution's guarantee of the "compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI.

7. Defendant previously raised this issue with the Court at a hearing held on July 26, 2022, and at that time, the Court indicated that it was not prepared to address the matter.

8. Because of the approaching trial date, defendant cannot wait any longer to raise this issue.

9. Defendant proffers that Dr. Gold's testimony will be critical to his defense, for reasons that are obvious. To state the obvious, however, Dr. Gold was with defendant both before, during, and after the pair's presence in and around the U.S. Capitol, and she can testify to all matters that concern Mr. Strand's defense.

10. In light of the foregoing, defendant submits that he will not receive a fair trial if it is conducted while Dr. Gold is unable to attend and testify.

11. Moreover, even once Dr. Gold is released from prison, undersigned counsel will need some time to discuss her testimony and review a great deal of evidence with her.

12. Undersigned counsel has available trial dates before the end of the year, and is not seeking a continuance for any purpose other than to ensure that Mr. Strand receives a fair trial.

13. The government opposes this motion.[2]

WHEREFORE, in light of the foregoing, and for any other reasons that may appear to this Court, defendant moves for a postponement of the trial date, and for any other relief this Court deems just and proper.

Respectfully submitted,

*Stephen F. Brennwald*

_____
Stephen F. Brennwald  #398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, SE
Washington, D.C.  20003
(301) 928-7727
sfbrennwald@cs.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was submitted, by ECF, this 27th day of August, 2022, to all parties of record.

*Stephen F. Brennwald*

_____
Stephen F. Brennwald

---

[2] Defendant understands the government's interest in moving forward with the case, but it is puzzling that it would want to do so given the constitutional implications of doing so.