UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : Case No. 21-CR-85 (CRC) |
| JOHN STRAND | : |

**DEFENDANT'S OBJECTIONS TO GOVERNMENT'S EXHIBITS**

Defendant, John Strand, through undersigned counsel, Stephen F. Brennwald, submits the following Objections to the Government's proposed Exhibits:

*Background*

The government has submitted an exhibit list to this Court, and the exhibits provided in discovery number in the hundreds.

They are grouped as follows:

| | |
|---|---|
| Series 100: | Maps |
| Series 200: | Third Party Photographs |
| Series 300: | Strand phone – Media and Communications |
| Series 400: | CCTV |
| Series 500 | Third Party Video and Images |
| Series 600 | Congressional Documents |
| Series 700 | Stipulations |
| Series 900 | Internet Archive Materials |

There is no "Series 800."

In addition to these exhibits, the government wishes to introduce Exhibit 1, which purports to be a "No Entry" sign that was somewhere around the Capitol that day. It is believed that the government believes that there were a number of these signs around the Capitol on January 6, 2021.

*Defendant's Objections*

Defendant's objections, generally, fall into several main categories: Relevance; hearsay, unfairly prejudicial, inflammatory, and irrelevant.

Specifically, defendant objects to the following exhibits, for the following reasons:[1]

Exhibit 1: The photograph of this exhibit that the defendant was shown in discovery is so close to the sign that one cannot tell where that sign is located on the grounds of the Capitol, including in an area where the defendant purportedly could have seen it had he been looking. Thus, the exhibit may not be relevant to the case against Mr. Strand.

*Series 100*

Exhibit 103: The government submits that the colored lines surrounding the Capitol grounds show which areas were restricted on January 6, 2021. Absent proof of this perimeter, defendant objects to this exhibit.

*Series 200*

Exhibit 201: This photograph of a barricaded door is irrelevant to defendant's case because there is no evidence that the defendant was on the other side of that door or knew what was on the other side of that door. Moreover, the photograph is inflammatory and not probative of Mr. Strand's guilt.

Exhibits 202, 203, and 204: Same general objection as Exhibit 201.

---

[1] If the defendant has not listed an objection here to a specific exhibit, it is because his review of that exhibit did not immediately indicate that it is objectionable. Defendant, however, reserves the right to object to specific exhibits during trial depending, in part,, on the government's presentation of its case at trial.

Exhibits 206 and 207:  These exhibits concern information that then-Vice-President Pence was going to visit the Capitol on January 6, 2021.  This is not a contested issue, and the information in these exhibits is therefore irrelevant and likely duplicative of other evidence.

*Series 300*

Exhibits 303, 304 and 305 are duplicative of Exhibits 301 and 302.

Exhibit 308:  Defendant objects to this photograph of the outside area of the Capitol (East Side) unless there is testimony that it was taken at a specific time that is relevant to Mr. Strand's case.  It allegedly was taken at 2:02 p.m., and absent proof that Mr. Strand was in that area at that time, the photograph is irrelevant.

*General Objections to further "300 Series" Exhibits Involving Chats/Texts*

The particular exhibits to which Mr. Strand objects concern his alleged chat/text exchanges with third parties:  The government proposes to introduce numerous exhibits containing purported chat or text exchanges between Mr. Strand and a number of non-involved (in January 6, 2021 events) individuals.[2]

Much of the evidence involves hearsay statements of these individuals, which defendant argues in inadmissible.  The government is seeking to admit hundreds of statements of other persons who were conversing with Mr. Strand.  Unless these individuals will be called as witnesses, their statements are hearsay.  It is also not clear how many portions of the conversations would be relevant to the charges in this matter.

---

[2] The specific exhibits (and their subparts, such as, for example, Exhibit 312.01, etc…) involving chats or texts are Exhibits 312, 321, 324, 326, 328, 331, 334, 337, 339, 340, 342 and 363.

Moreover, some of the comments involve "opinions" or "comments" by these third parties about the defendant – "evidence" that is highly inappropriate, irrelevant, and improper.

In addition, even some statements allegedly made by the defendant are of such a nature that they would cause embarrassment (to him and others), are unfairly prejudicial, and inflammatory.[3]  There is no relevance to this type of evidence, and it would only cause the jury to become improperly inflamed, resulting in unfair prejudice to Mr. Strand.

Exhibits 347 and 348 are duplicative.

Exhibits 350, 358, and 362 are irrelevant and unfairly prejudicial.

Exhibit 354 is a "Wanted" poster that is not relevant, is inflammatory and unfairly prejudicial.  It is also entitled "Violence at the United States Capitol."

Exhibit 357 is highly inflammatory and irrelevant.  It shows several officers in House Chamber with guns drawn.

Exhibit 359 is highly inflammatory, irrelevant, and unfairly prejudicial.  It shows a person wearing a shirt with the words "Camp Auschwitz."

Exhibit 360 is irrelevant as it depicts the West Side of the Capitol, where Mr. Strand was not present.

Exhibit 364 is irrelevant.

Exhibit 365 is irrelevant and highly prejudicial.  It contains photographs of previously-discussed exhibits that contain inflammatory and irrelevant images (such as

---

[3] For example, in Exhibit 312, at page 8, the defendant allegedly uses a very offensive word with respect to a politician in the District of Columbia.

the photograph depicted in Exhibit 359 regarding the man wearing the Camp Auschwitz shirt).

### Series 400

Defendant does not object to Exhibits 401 through 412. The government lists an exhibit numbered 413, but defendant has never seen this exhibit, so he cannot comment on it at this time (the exhibits provided to counsel include Exhibits 401 through 412).

Based on the description[4] of the exhibit, however, defendant does not expect that he will object.

### Series 500

Defendant has been unable to open (despite the assistance of a person with technical skills) Exhibits 500, 501, 501.1, and 503.

Exhibit 502.1 is "sensational" but not relevant to defendant's case.

Exhibit 505 is not probative of any fact at issue, and is unfairly prejudicial. It appears clearly designed to elicit sympathy. As far as defendant can determine, it is not clear at what time the photograph was taken, such that it is not possible to know whether the defendant was in the area depicted in the photograph at the time the incident (an officer being squeezed against what appears to be the Columbus doors).

Exhibit 506 is irrelevant, inflammatory, and unfairly prejudicial. It does not appear to show Mr. Strand, the film contains an overlay of the words "Insurgence USA,"

---

[4] The exhibit is described as closed circuit TV footage of the East Front of the Capitol from 1:45 p.m. to 2:20 p.m.

and an image shows an unidentified person holding a sign that says "Kyle Rittenhouse did nothing wrong" among images and signs.

Exhibit 507 does not appear to show the defendant, and is therefore irrelevant. Moreover, it is inflammatory (as it shows a man shouting at a police officer).

Defendant does not object to Exhibit 510 as the government has indicated in its Exhibit List that it only intends to play the portion showing Dr. Simone Gold giving a speech, and not the balance of the video.

### Series 600

Defendant does not object to these exhibits.

### Series 700

The government and the defendant are still discussing stipulations.

### Series 900

Exhibits 901 and 913.  Defendant objects to the relevance of these exhibits, as the messages they contain were allegedly written on December 1, 2020, not on or about January 6, 2021.

Exhibit 903.  Defendant objects to this exhibit as it merely expresses a political sentiment regarding the current president and vice-president.  It is irrelevant and inflammatory and unfairly prejudicial.

Exhibit 910.  Like earlier exhibits in the 300 series, this exhibit contains a political statement by another person, i.e., hearsay.

Respectfully submitted,

*Stephen F. Brennwald*

_____
Stephen F. Brennwald  #398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, SE
Washington, D.C.  20003
(301) 928-7727
sfbrennwald@cs.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was submitted, by ECF, this 8th day of September, 2022, to all parties of record.

*Stephen F. Brennwald*

_____
Stephen F. Brennwald