UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : Case No. 21-CR-85 (CRC) |
| JOHN STRAND | : |

**MOTION TO CONTINUE SENTENCING**

COMES NOW Defendant, John Strand, through undersigned counsel, Stephen F. Brennwald, in support of his Motion to Continue Sentencing pursuant to Fed. R. Crim. P. 32(e)(2) and (f)(1), states as follows:

1. Defendant John Strand is scheduled to be sentenced on May 2, 2023.

2. On April 18, 2023 – 14 days before sentencing, the probation office submitted its initial presentence report to defendant and his counsel.

3. The report argues for a significant enhancement under U.S.S.G. §2J1.2(b)(1)(B) (8 levels), another enhancement for obstruction under §2J1.2(b)(2), and a third enhancement pursuant to §3C1.1.

4. The report also contains a wealth of information that was clearly received from the U.S. Attorney's Office.  That material calls for a focused response to a host of claims/allegations/factual assertions.

5. Federal Rule of Criminal Procedure 32(e)(2) states:

   (2) *Minimum Required Notice.* The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period.

6. Defendant has not waived this minimum period, nor could he under these circumstances. The probation office is suggesting three significant enhancements that are fact-specific, and that raise the guideline sentence from 15 to 21 months (assuming no reduction for acceptance of responsibility) to 70 to 87 months. In addition, the report lacks a great deal of information that this Court should consider, through no fault whatsoever of the defendant.

7. The report, which, again, was provided to defendant and his counsel yesterday, April 18, 2023, states that any objections are due by April 21, 2023 – three days after the report was disclosed. Fed. R. Crim. P. 32(f)(1) allows the parties 14 days to object to "material information, sentencing guideline ranges, and policy statements…."

8. Defendant, again, has not waived any of his rights pursuant to Rule 32. He was never – not once – told to be available for a presentence interview, and has done nothing at all to interfere with the preparation of the report. He has been ready and willing to speak with the probation officer whenever the officer chose, but that never happened.

9. The probation officer has acknowledged this to the Court. The delays that have occurred have been the result of scheduling issues involving the probation officer's schedule, as well as defense counsel's schedule (including defense counsel's health issues). Mr. Strand should not be forced to give up his rights because of those realities.

10. Counsel also notes that his preparation of a sentencing memorandum, including a response to the presentence report, will take more than a few days. The government has cited, and will cite at sentencing, various statements Mr. Strand made during the trial, and counsel will need to review the trial transcript carefully to respond to the

government's arguments.  That is not something that can happen overnight or in a short period of time.  And that is no doubt why the law allows a defendant sufficient time to review and respond to a presentence report.

11. The government has indicated in the past that it vigorously opposes any delay in the sentencing hearing.[1]

WHEREFORE, in light of the foregoing, and for any other reasons that may appear to this Court, defendant moves for a postponement of the sentencing hearing consistent with Rule 32, and for any other relief this Court deems just and proper.

Respectfully submitted,

*Stephen F. Brennwald*

_____
Stephen F. Brennwald  #398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, SE
Washington, D.C.  20003
(301) 928-7727
sfbrennwald@cs.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was submitted, by ECF, this 19th day of April, 2023, to all parties of record.

*Stephen F. Brennwald*
_____
Stephen F. Brennwald

---

[1] Defendant understands the government's interest in moving forward with sentencing, but it is puzzling that it would want to do so given the clear rules applicable to these circumstances.