UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-85-CRC-1 |
| v. : | |
| JOHN STRAND, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION
TO RESCHEDULE SENTENCING**

The United States, by and through the undersigned attorneys, strenuously opposes defendant John Strand's second motion to reschedule sentencing (ECF 123). Defendant's motion is not supported by good cause and is contrary to the public interest in a prompt sentencing of the defendant. Furthermore, the Court will be in possession of ample information on the scheduled date of May 2, 2023——more than seven months after trial—to issue an appropriate sentence under 18 U.S.C. § 3553. The motion should therefore be denied.

**I.     Background**

On September 27, 2022, the defendant was convicted by jury of obstruction of an official proceeding, pursuant to 18 U.S.C. § 1512(c), and four misdemeanors. All the crimes arose from the defendant's conduct at the U.S. Capitol on January 6, 2021, where the defendant joined a violent mob that breached the Capitol Building and boasted about doing so on social media thereafter. Despite the statutory presumption in favor of remand following a jury's guilty verdict, the Government—reasonably expecting that sentencing would occur in the normal course—did not seek remand, and the Court did not order it. The defendant remains at liberty, unsentenced, seven months after a trial in which a jury found him guilty on all charges.

Sentencing was originally scheduled for January 20, 2023. (12/05/2022 Minute Entry) On December 19, 2022, the Government agreed not to object to defense counsel Steve Brennwald's request to postpone sentencing on account of Mr. Brennwald's health issues, to which the Government was certainly sympathetic. On January 7, 2023, the defendant filed an unopposed motion to continue for 90 days or more. (ECF 121) On January 11, 2023, the Court granted the defendant's motion and scheduled sentencing for May 2, 2023. (01/11/2023 Minute Entry) Defendant moved for a second postponement on April 19, 2023 (ECF 123).

## II.     Defendant's Second Request for Adjournment Is Unwarranted

Defense counsel contends that postponement is warranted because (i) the defendant has not been interviewed by the Probation Department and (ii) defense counsel needs time to address the Probation Department's sentencing guidelines recommendations. Both contentions are unpersuasive.

There simply is no good reason why sentencing should be further postponed on account of the inability of the defendant and the Probation Officer to schedule a telephonic interview. The Government is not in a position to assess the reason for this shortcoming here, and the Government recognizes that all parties are under significant burden imposed by the volume of cases arising from the Capitol Riot. The Government notes, however, its understanding that the Probation Department has frequently tried to contact defense counsel to schedule an interview with the defendant, beginning in December 2022, and again and in March 2023[1]. The Government is concerned that the defendant's continued failure to be interviewed smacks of gamesmanship.

---

[1] See PSR ¶ 65, under Offender Characteristics, the PSR writer notes, "Despite multiple attempts and efforts, a presentence interview was not conducted in this matter."

The Government is respectful of both Mr. Brennwald's earlier health issues and his recent trial schedule. Yet Mr. Brennwald has offered no reason why his trial co-counsel, Sameera Ali, Esq., could not facilitate the defendant's presentence interview. Regardless, the Federal Rules of Criminal Procedure make clear that defense counsel's participation is not required during the presentence interview at all; rather, the Probation Officer merely must provide defense counsel with notice of the interview and opportunity to attend. Fed. R. Crim. P. 32(c)(2).

The Probation Department's sentencing guidelines calculation in the draft presentence report also provides no basis to postpone sentencing. It has long been obvious that the three enhancements at issue, two of which arise under U.S.S.G. §2J1.2 (enhancements particular to the obstruction of an official proceeding conviction), and one of which arises under U.S.S.G. §3C1.1 (enhancement arising from false trial testimony), would be at issue in this sentencing. For more than six months, the Government has frequently sought these same two enhancements under U.S.S.G. §2J1.2 in sentencings for defendants, like Strand, who are convicted of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) in connection with the Capitol Riot. And the potential enhancement under U.S.S.G. §3C1.1 is commonplace for defendants, like Strand, whose trial testimony is not credible and directly at odds with the jury's verdict.[2]

Moreover, defendant was on notice as of November 30, 2022—almost five months ago— that the Government would seek these enhancements because, on that date, the Government sent a letter to the Probation Department, copying both Mr. Brennwald and Ms. Ali, setting forth its

---

[2] As the Government will set forth in its sentencing memorandum, Strand falsely testified that, among other things, he never intended to enter the Capitol, and his only purpose on January 6 was to provide security for his co-defendant Simone Gold. This testimony was contradicted by, among other things, video evidence of Strand's conduct, and statements of Strand's intent as shown in Strand's contemporaneous communications.

recommended sentencing guideline calculation in this case (which included these three enhancements).

### III. Sentencing Can Proceed pursuant to Rule 32(c)(1)(ii)

Defendant also contends that adjournment is required because the draft presentence report was not submitted in time for the parties to have the time period contemplated by Rule 32(f) to submit their objections. Rule 32(c)(1)(A)(ii), however, provides that the Court can proceed sentencing *without any presentence report at all*, so long as it has adequate information to "meaningfully exercise its sentencing authority under 18 U.S.C. §3553." Thus, the Court can certainly proceed where there *is* a presentence report, and the parties merely have been given a truncated period of time to respond.[3]

Here, on the scheduled sentencing date of May 2, 2023, the Court will have the benefit of—at minimum—the Probation Department's draft presentence report, which has already been completed. If defense and the Probation Department complete a telephonic interview in the next week, the Court will have the benefit of that information as well. Further, the defendant's extensive public interviews since his conviction provide the Court with ample basis to assess the defendant's remorse, or lack thereof, and other aspects of the defendant's history and characteristics. *See, e.g.,* John Strand, SAS Interview Series (Aug. 22, 2022), *available at*: https://omny.fm/shows/liberty-station/john-strand-sas-interview-series-liberty-station-s ; Diamond & Silk Chit Chat Live, *available at:* EP | 282 J6 Defendant, John Strand, gives an update and Dr Ardis - Chartable. The defendant also will be provided an opportunity to speak at the

---

[3] The Government submits that the Court could, in its discretion, permit defense counsel to raise any objections to the presentence report at the sentencing hearing, regardless of whether the defendant files an objection to the draft report, and thus relieve any of the time pressures allegedly being experienced by defense counsel.

sentencing itself. Additionally, the parties will have had ample time to assemble their sentencing submissions in advance of May 2 (more than seven months after the conclusion of trial) and can be expected to do so.  Most importantly, this Court presided over the trial in this case, and therefore has extensive information regarding the nature and circumstances of the offense.  Consistent with Rule 32(c)(1)(A)(iii), sentencing can proceed on May 2 under these circumstances.  *See, e.g., United States v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009) (holding that district court's sentencing of defendant without presentence report was procedurally reasonable because "[t]he purpose of a presentence report is to inform the judge of the facts relevant to sentencing. As Rule 32(c)(1)(A)(ii) and U.S. SENTENCING GUIDELINES MANUAL § 6A1.1(a)(2) recognize, where the judge already has those facts in front of him, a presentence report is unnecessary.").

## CONCLUSION

There is a strong public interest in the prompt sentencing of the defendant following his conviction of trial.  The Court will have ample information before it on May 2, 2023, to meaningfully carry out its responsibilities pursuant to 18 U.S.C. § 3553, and defendant has not shown that he will be prejudiced by being sentenced eight months after trial.  The motion should be denied.

                                          Respectfully submitted,
                                          MATTHEW M. GRAVES
                                          United States Attorney
                                          D.C. Bar No. 481052

By:      /s/ *Jason M. Manning*
            JASON M. MANNING
            Trial Attorney, Detailee
            NY Bar No.: 4578068
            1400 New York Avenue NW
            Washington, D.C. 20005
            Jason.Manning@usdoj.gov
            (202) 514-6256

                                        APRIL H. AYERS-PEREZ  
                                        Trial Attorney, Detailee  
                                        TX Bar No.: 24090975  
                                        450 5th St NW  
                                        Washington, D.C. 20530  
                                        April.AyersPerez@usdoj.gov  
                                        (202) 894-4237