UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Case No. 1:21-cr-85-CRC<br>) |
| v. | )<br>) |
| JOHN H. STRAND, | )<br>) |
| Defendant. | )<br>) |

**STRAND'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO AMEND PRESENTENCE REPORT**

Strand's Presentence Report (PSR) does not address his medical conditions, as he was not interviewed before it was filed. He therefore moved the Court to allow the Probation Department to conduct a brief interview of him so the Bureau of Prisons would be made aware of his alcoholism, among other conditions. ECF 138. The government has filed an opposition to that basic request. ECF 139. In tone and content the government's response is misguided. No evidence suggests that Strand is "manipulat[ing] the PSR process." *Id.*, p. 1. Assuming for the sake of argument that the Department of Justice has some adversarial role to play in the administrative circumstance where a defendant is attempting to provide medical information to the Court following entry of judgment, it should do so responsibly and within the bounds of the factual record.

The government contends that Strand declined "over a period of eight months between his conviction and sentencing . . . to provide any information at all to the Probation Department." ECF 139, p. 1. That is not accurate. Strand's trial counsel represented to the Court—and to his client—that the Probation Officer in this matter did not contact him or the defendant to set up an interview of Strand. The government appears to suggest that Strand should still be faulted since

the Probation Officer's phone number was "well known to defense counsel." ECF 139, p. 2. As the government knows, that gets the process backwards. Probation Officers contact defense counsel to set up interviews after they have been assigned a matter, not the other way around. In any case, it is nonsensical to prevent a defendant from furnishing the Probation Department with relevant medical information on account of his attorney's decision to wait for a Probation Officer's phone call.

The government also opposes Strand's motion on the ground that Strand did not provide the Probation Department with a financial affidavit, "a decision that is particularly noteworthy in light of publicly reported questions surrounding Strand's finances." ECF 139, p. 2. That is a non sequitur. The defendant's finances have nothing to do with the propriety of allowing him to provide medical information to the Probation Department. It should go without saying that it is inappropriate for the government to inject unverified innuendo into pleadings in criminal cases, particularly when it has no bearing on the matter at hand.

Next, the government observes that sentencing was postponed twice in Strand's case. ECF 139, p. 2. It says this was accomplished "on the apparent pretext of pursuing a presentence interview that he never actually did." *Id.* The government's facts are again wrong. Strand moved to continue his January 2023 sentencing because his counsel was ill. Current counsel understands that the rescheduled hearing date in May was itself continued at least partly because the government had missed a filing deadline.[1]

Finally, the government complains that Strand,

---

[1] Nothing in the Federal Rules of Criminal Procedure or Local Rules prohibits the addition of medical information to the PSR after sentencing. The rules cited by the government—ECF 139, p. 3—simply outline the ordinary process by which the PSR is compiled. Fed. R. Crim. P. 32(f); LCrR 32.2(f).

> offers no corroboration for the information that he asserts should be added to the PSR. Strand's motion thereby seeks to add uncorroborated information to the PSR through a process that would avoid the scrutiny of the Court. The motion thus appears to be Strand's latest attempt to manipulate the Probation Department and the Court.

ECF 139, p. 4.

Thus, the government both seeks to prevent Strand from conducting an interview with the Probation Department where he could corroborate his alcoholism and other medical conditions and, at the same time, faults him for his lack of corroboration. The government's objections are inconsistent. Strand has no objection to the government's request that he copy the government when he provides corroborating information to the Probation Department. Had the government contacted Strand's counsel with that request before filing its opposition claiming manipulation of the Court, it could have secured that relief without seeking Court intervention.

Finally, the government says that Strand would not be prejudiced if his relief is denied as the government "understands that the Bureau of Prisons intake process will provide Strand an opportunity to furnish relevant medical information to the BOP." ECF 139, p. 4 n. 1. That is an incomplete representation. An inmate's ability to gain access to rehab programs is jeopardized when relevant medical information is omitted from the PSR.

Strand respectfully requests that the Court allow him to conduct a brief interview with the Probation Department on his medical conditions with a view to amending the PSR where appropriate.

Dated: June 14, 2023                                      Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010

(917) 902-3869  
nds@davidbsmithpllc.com  
*Counsel to John Strand*

## Certificate of Service

I hereby certify that on the 14th day of June, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith  
Nicholas D. Smith, D.C. Bar No. 1029802  
1123 Broadway, Suite 909  
New York, NY 10010  
(917) 902-3869  
nds@davidbsmithpllc.com