UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-85-CRC |
| | ) |
| JOHN STRAND, | ) |
| Defendant. | ) |

**JOHN STRAND'S MOTION FOR RELEASE PENDING APPEAL AND MOTION FOR REDUCTION OF SENTENCE AS A ZERO POINT OFFENDER**

Strand respectfully moves the Court for release pending appeal, pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1). He satisfies the criteria for release, as he poses no flight or safety risk, his appeal is not for the purpose of delay, and he raises a substantial question of law which, if decided in his favor, would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. In particular, a substantial question exists as to whether the statute underlying Strand's sole felony conviction, 18 U.S.C. § 1512(c)(2), applies to his conduct on January 6, 2021, in light of the Supreme Court's recent decision to grant certiorari in *United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

Separately, Strand moves the Court for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2), because his sentencing range has been subsequently lowered by the Sentencing Commission, namely, Strand's offense level of 19 would now be 17 under U.S.S.G. §4C1.1, as he is a "Zero Point Offender." Strand's 32 months' incarceration is therefore an

1

above-Guidelines sentence, which is an outcome not intended by the Court.[1]

**Background**

    A.  **Trial and sentencing**

Between September 19 and 27, 2023, the Court conducted a jury trial. The Court will recall that Strand was then employed by his co-defendant, Simone Gold, the founder of America's Frontline Doctors. Gold planned to give a speech near the east front of the Capitol Building on January 6, 2021. When the riot broke out, Gold and Strand entered the Capitol with the crowd. In a scene of chaos, they entered through the Rotunda doors at 2:27 p.m., after the Houses had recessed. They walked through the Rotunda, the National Statuary Hall, the Will Rogers corridor, and into a small hallway outside the House chamber, where some protesters were banging on the door. Strand and Gold then left the building at around 3:12 p.m. Gold attempted to give two speeches in the building, mainly concerning Covid-19 but also the election, which lasted about a minute. Strand committed no violent acts, did not engage with police, and no evidence showed him attempting to prevent members of Congress or law enforcement from performing their duties that day, beyond the fact of his unauthorized presence.

Strand was found guilty of the following charges: Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three); Disorderly Conduct in a Capitol Building, in

---

[1] A defendant's notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Here, however, the applicability of the Zero Point Offender adjustment is not involved in Strand's appeal. *E.g.*, *United States v. Quinn*, 2023 U.S. Dist. LEXIS 34324, at *4 (D. Kan. Mar. 1, 2023) (pending appeal on separate issue did not divest district court of jurisdiction to hear § 3582(c)(2) motion).

violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Five).

On June 1, 2023, the Court sentenced Strand. Strand had zero criminal history points. PSR, ¶ 60. As the most serious offense, Strand's § 1512(c)(2) conviction determined that the controlling Guideline would be U.S.S.G. §2J1.2 ("Obstruction of Justice"), with a base offense level of 14. The Court applied the specific offense characteristic at §2J1.2(b)(2) for substantial interference with "the administration of justice," adding three offense levels. It applied the two-level upward adjustment for obstructing or impeding the administration of justice under §3C1.1. Thus, Strand's total offense level stood at 19 which rendered a Guidelines range of 30 to 37 months' incarceration. Sentencing Tr., p. 3. The Court sentenced Strand to 32 months' incarceration on the § 1512(c)(2) conviction.

In turn, the Court's determination meant that, under the Guidelines, the Court was directed to impose the "total punishment" of 32 months' incarceration on every remaining count of conviction, to the extent permitted by applicable statutory maxima. U.S.S.G. § 5G1.2(b). For that reason, the Court imposed concurrent sentences of 12 months' incarceration on Counts Two and Three and of six months' incarceration on Counts Four and Five, the statutory maxima for all those misdemeanor counts.

B.  **Strand's surrender to BOP and release motion in the court of appeals**

Strand noticed his appeal on June 5, 2023. ECF 135. He surrendered to the Bureau of Prisons on July 26, 2023. Thus, as of the date of this filing, he has served approximately six months of his sentence. Although the Court recommended that Strand, a nonviolent offender, be assigned to FPC Pensacola, a minimum-security facility, BOP placed him at a higher-security facility, FDC Miami, for reasons that have not been adequately explained. At one

point, a BOP official advised that this was done at the request of the Court. Counsel advised the official that that could not be correct and that the Court had agreed to recommend FPC Pensacola in the sentencing hearing.

For nearly the entirety of Strand's first five months at FDC Miami, he was held in administrative segregation, i.e., solitary confinement. Counsel and Strand's acquaintances emailed and wrote to the prison, and called the facility, numerous times in an effort to understand why this was occurring. Most of those communications went unanswered.

In addition, although Strand had to communicate with his counsel to further his appeal, counsel has encountered great difficulty in securing attorney-client phone calls with the defendant. In the handful counsel has obtained, it appears to counsel that Strand is experiencing significant mental distress from his 22 to 23 hours a day in an isolated cell. At some point in the past couple of weeks, Strand was transferred to FCI Oakdale, in western Louisiana, again for reasons that are not clear.

On December 13, 2023, the Supreme Court granted certiorari in *Fischer*, which presented the following question: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

On December 15, Strand filed a motion for release pending appeal in the court of appeals. On January 16, the Circuit denied Strand's motion without prejudice on the ground that the "district court is in a better position to determine in the first instance, and on full briefing, what appellant's likely reduced sentence would be" if the *Fischer* decision is overturned. *United States v. Strand*, 23-3083, 1/16/2024 Order.

The Circuit added that "the government does not dispute that this appeal is not for the purposes of delay and that it raises a substantial question of law [under] § 3143(b)(1)(B)." *Id.* The Circuit also added that the "record suggests that appellant is not a flight risk or a danger to others, 18 U.S.C. § 3143(b)(1)(A). . ." *Id.*

**Argument**

**I.      Standards for release pending appeal and a reduction of sentence**

A court "shall order the release" of an individual pending appeal if it finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
  (i)    reversal,
  (ii)   an order for a new trial,
  (iii)  a sentence that does not include a term of imprisonment, or
  (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1987). "[I]n in the circumstance described in subparagraph (B)(iv) . . . the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." § 3143(b)(1).

Separately, the Court may modify a term of imprisonment:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

## II.  Strand's release pending appeal is appropriate under § 3143(b)(1)

### A.  Strand poses no flight or safety risk

Strand's conduct since the inception of this case has demonstrated by clear and convincing evidence that he will not flee and is not a safety risk. From January 13, 2021 until the day he reported to prison in July 2023, Strand was released on conditions and a personal recognizance bond. Thus, for over two years, Strand fully demonstrated his compliance with all pretrial release conditions. Indeed, the government did not even seek pretrial detention in Strand's case. Moreover, Strand was not accused of violence, has no criminal history, and has strong community ties. The Circuit has found the "record suggests that appellant is not a flight risk or a danger to others." *Strand*, 23-3083, 1/16/2024 Order.

### B.  Strand's appeal now raises a substantial question and is therefore not for the purpose of delay

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *Perholtz*, 836 F.2d at 555 (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require the Court to find that Strand's appeal establishes a likelihood of reversal. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well could be'" decided in the defendant's favor. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)).

Here, the government conceded on appeal that Strand has presented a substantial question under § 3143(b). *Strand*, 23-3083, Doc. #2032976, at 8 ("The government does not dispute that, given that the Supreme Court has granted a petition for a writ of certiorari in *Fischer*, [an] appeal of [a] conviction under 18 U.S.C. § 1512 poses a substantial question

6

within the meaning of 18 U.S.C. § 3143(b)(1)(B)."). The Circuit approvingly cited the concession. *Strand*, 23-3083, 1/16/2024 Order.

Moreover, since the certiorari grant in *Fischer*, every judge in this Court presented with the question has determined that a January 6 appellant whose sole felony conviction is under § 1512(c) can present a "substantial question" under § 3143(b). *United States v. Adams*, 21-cr-354-APM (ECF No. 85); *United States v. Sheppard*, 21-cr-302-JDB (ECF No. 142).

It must be emphasized that, if anything, Strand's § 1512(c) challenge may be stronger than that of a defendant like the one in *Fischer*. Unlike Fischer, Strand was not charged with violent or assaultive conduct. If the defendant in *Fischer*, who is accused of assault, has presented a certiorari-worthy question to the Supreme Court—and in the absence of any split of opinion among the Circuits—Strand's question here is, a fortiori, substantial under § 3143(b).

**C.  Resolution of this substantial question in Strand's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes**

If decided in Strand's favor, his appellate challenge to his Section 1512(c)(2) conviction would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. § 3143(b)(1)(B)(iv).

Strand's sentence of 32 months' incarceration is driven entirely by the § 1512(c) conviction under review in *Fischer*. The one-year and six-month sentences imposed by the Court on the remaining misdemeanor counts were dictated not by the facts and circumstances of Strand's case but by the Guidelines rule directing the Court to impose the "total punishment" (of 32 months' incarceration) on every count of conviction to the extent allowable by statutory maxima. U.S.S.G. §5G1.2(b).

Absent the "total punishment" Guideline, the Court likely would not have imposed those sentences on Strand's misdemeanor counts. This can be shown by reference to the universe of the Court's misdemeanor sentences in January 6 cases. *United States v. Moncada*, 22-cr-366-CRC (36 months' probation); *United States v. Wilkerson*, 21-cr-302-CRC (36 months' probation); *United States v. Sizer*, 21-cr-621-CRC (12 months' probation); *United States v. Lewis*, 21-cr-100-CRC (24 months' probation); *United States v. Ryan*, 21-cr-50-CRC (60 days' incarceration); *United States v. Courtright*, 21-cr-72-CRC (30 days' incarceration); *United States v. Scirica*, 21-cr-457-CRC (15 days' incarceration); *United States v. Sunstrum*, 21-cr-652-CRC (30 days' home detention); *United States v. Gonzalez*, 21-cr-115-CRC (24 months' probation); *United States v. Ivey*, 21-cr-267-CRC (60 days' home detention); *United States v. O'Malley*, 21-cr-704-CRC (24 months' probation); *United States v. Von Bernewitz*, 21-cr-307-CRC (60 days' home detention); *United States v. Kidd*, 21-cr-429-CRC (45 days' incarceration); *United States v. McDonald*, 21-cr-429-CRC (21 days' home incarceration).

Those cases are just a representative sampling. Indeed, it appears that this Court has not handed down a single sentence in its January 6 misdemeanor cases that Strand has not already served—in fact, doubly served—in his six months of incarceration. And virtually every misdemeanant entered the Capitol like Strand, many of them for longer periods of time than Strand.

It will not do to distinguish all those misdemeanor sentences on the ground that those defendants pled guilty and accepted responsibility and Strand did not. Strand cannot be punished for refusing to plead guilty to an offense leading to a conviction whose appeal is simultaneously regarded by all courts as presenting a substantial question under § 3143(b)(1). The Guidelines explicitly recognize the point. U.S.S.G. §3E1.1 cmt. n. 2 (a defendant may

8

still receive acceptance of responsibility adjustments where he has gone to trial to "challenge [] the applicability of a statute to his conduct").

Since the certiorari grant in *Fischer*, multiple judges in the Court have granted § 3143(b)(1) motions in identical circumstances. In *Adams*, the Court sentenced a § 1512(c) defendant to 14 months' incarceration on that count and 12 months' incarceration on a § 1752(a)(1) count. *Adams*, 21-cr-354-APM, ECF 85, at p. 1. Following the *Fischer* grant, the *Adams* Court granted the release motion after the defendant had served five months' incarceration (less than Strand) because "the applicable guidelines range would look quite different without a § 1512(c)(2) felony conviction." *Id.*, p. 4. Specifically, the trespass count would be scored under U.S.S.G. 2B2.3(a). *Id.* In Strand's case that would yield a base offense level of 6, and a range of 0-6 months' incarceration. The government argued in *Adams*, as it will argue here, that the Court should deny the § 3143(b)(1) motion because the defendant's conduct warranted the 12-month sentence on the trespass count. But the Court rejected this argument because it "overlook[ed] the revised Sentencing Guidelines range." *Id.*, p. 5.

Judge Bates granted a § 3143(b)(1) motion in *Sheppard* for similar reasons. *Sheppard*, 21-cr-302-JDB, ECF 142.

The mandate in *Fischer* is likely to be returned no earlier than June 2024, the final month of the Supreme Court's current term. Critically, the Circuit has held Strand's appeal in abeyance until that time, as it has done in every Capitol riot appeal concerning a § 1512(c) conviction. If the Supreme Court were to reverse the judgment in *Fischer* in June, the appeal process would still take additional time in this matter, running months beyond the expiration of Strand's misdemeanor sentences. The current median time interval from the filing of a

9

notice of appeal to disposition in the D.C. Circuit is 11.3 months.[2]

As the Court knows, under the sentencing-package doctrine, all of Strand's misdemeanor sentences would be vacated upon the reversal of his felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). Since it is not unlikely that the Court will have to address Strand's sentence at some point in the future, it is more sensible to do so now, at the point when Strand has served this Court's average misdemeanor sentence, rather than six months to a year afterward.

For all these reasons, a favorable resolution of the substantial question raised by Strand is likely to result in a reduced imprisonment sentence that would expire well before his appeal concludes. Accordingly, Strand respectfully moves for release pending appeal.

### III.     Strand's sentence should be reduced under § 3582(c)(2)

In November 2023, the Guidelines were revised to include the new Zero Point Offender adjustment. U.S.S.G. §4C1.1. Because the adjustment applies to Strand and lowers the Guidelines range under which he was sentenced, good cause exists to reduce his sentence. § 3582(c)(2).

The new two-level downward adjustment applies where the defendant has no criminal history points and "did not use violence or credible threats of violence in connection with the offense." §4C1.1(a). Here, Strand has no criminal history points, PSR, ¶ 60, and there was no

---

[2] U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), available at https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

10

claim he used or threatened violence. Judges in this Court have applied §4C1.1 to January 6 defendants convicted under § 1512(c) but who did not engage in violence. *E.g.*, *United States v. Weyer*, 22-cr-40-JEB, 9/14/2023 Sentencing Tr., p. 20.

When the two offense levels are subtracted from Strand's total, he is left with a revised total offense level of 17. That moves his sentencing range from 30 to 37 months' incarceration to 24 to 30 months' incarceration. U.S.S.G. Ch. 5. Strand therefore respectfully requests that the Court reduce his sentence.

Dated: January 19, 2024

Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010 Phone:
(917) 902-3869
nds@davidbsmithpllc.com

*Attorney for John Strand*

**Certificate of Service**

I hereby certify that on the 19th day of January, 2024, I filed the foregoing submission with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

*/s/ Nicholas D. Smith*