UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JOHN HERBERT STRAND**, <br><br> Defendant. | Case No. 21-cr-00085 (CRC) |

**OPINION AND ORDER**

Before the Court is Defendant John Strand's Motion for Release Pending Appeal and Motion for a Reduction of Sentence as a "Zero Point Offender."  See Mot. for Release [ECF No. 146].  Having considered the motions, the Government's opposition, and Strand's reply, the Court will deny both motions.

**I.      Release Pending Appeal**

First, release pending appeal.  On September 27, 2023, Strand was convicted by a jury on five charges stemming from his conduct at the U.S. Capitol on January 6, 2021.  The lead charge was a felony: obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2) (Count One).  The rest were misdemeanors: entering and remaining in a restricted building or ground under 18 U.S.C. § 1752(a)(1) (Count Two); disorderly and disruptive conduct in a restricted building or grounds under 18 U.S.C. § 1752(a)(2) (Count Three); disorderly conduct in a Capitol building under 40 U.S.C. § 5104(e)(2)(D) (Count Four); and parading, demonstrating, and picketing in a Capitol building under 40 U.S.C. § 5104(e)(2)(G) (Count Five).  Indictment [ECF No. 13] at 1–3; Judgment [ECF No. 140] at 1.

The Court allowed Strand to remain free until sentencing, which took place on June 1, 2023 following several continuances.  See Sept. 27, 2022 Min. Order.  At sentencing, the Court

calculated Strand's guideline range at 30 to 37 months, based on an offense level of 19 and a criminal history category of I due to a zero-point criminal history. Sentencing Tr. [ECF No. 144] at 26. The Court declined, over the government's urging, to apply an eight-level enhancement to the offense level under U.S.S.G. 2J1.2(b)(1)(B) for conduct that involved causing or threatening to cause physical injury to a person. Id. at 20–21. The Court did, however, apply a two-level obstruction of justice enhancement under U.S.S.G. § 3C1.1 after finding that aspects of Strand's trial testimony were untruthful. Id. at 23, 25. The Court proceeded to sentence Strand to 32 months of incarceration on Court One; 12 months of incarceration on Counts Two and Three, to run concurrently; and 6 months of incarceration on Counts Four and Five, also to run concurrently. Judgment at 3. The Court permitted Strand to self-surrender to the Bureau of Prisons, Sentencing Tr. at 90, and he began serving his sentence on July 26, 2023, Mot. for Release at 3. He has thus served approximately six and a half months of his total sentence. Strand has appealed his convictions to the D.C. Circuit.

     Strand now seeks release pending the resolution of his appeal under 18 U.S.C. § 3143(b). That provision requires the Court to detain a defendant pending appeal unless it finds both: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"; and "(B) that the appeal is not for the purpose of delay and raises a substantial question of fact or law likely to result in," as relevant here, "(i) reversal . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already serviced plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). Applying that standard, Strand argues that he does not pose a danger or flight risk, and that the Supreme Court's grant of certiorari in Fischer v. United States—which presents the question whether 18 U.S.C. § 1512(c)(2) applies to "acts unrelated to investigations and

evidence"—raises a "substantial question of law" that likely will result in the reversal of his lone felony conviction on the same charge and a resulting new sentence of less than time served plus the expected duration of his appeal process.  See Fischer v. United States, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); Petition for Certiorari, Fischer v. United States, No. 23-5572 (filed Sept. 11, 2023).

On the first prong of § 3143(b), the Court finds by clear and convincing evidence that Strand would not present a danger to the community or a flight risk were he to be released pending his appeal.  The government resists the latter conclusion, but Strand voluntarily appeared at trial, at sentencing, and at his designated prison facility.  Having presided over this case for over three years now, the Court has little doubt that he would similarly report back to prison for the remainder of his term were the D.C. Circuit to deny his appeal following the Supreme Court's ruling in Fischer.  That a handful of other January 6th defendants have made the poor choice to abscond rather than face justice does not shake the Court's confidence in Mr. Strand's continued compliance.

On § 3143(b)'s second prong, the Court follows the lead of several of its colleagues in finding that, while a reversal in Fischer is far from guaranteed, the garnering of four votes among the Justices in favor of certiorari at least indicates the presence of a "substantial question of law."[1]  A "substantial question" must be a "close question or one that very well could be decided the other way." United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1987) (internal quotation marks omitted).  The question before the Supreme Court in Fischer fits the bill.  See Mem. Op., United States v. Adams, No. 21-cr-354-APM [ECF No. 85], at 3 ("[T]he Supreme Court's

---

[1] The government does not dispute that the appeal raises a substantial question of law. Opp'n at 8 n.1.

decision to review Fischer means, at a minimum, that this case presents a 'close question.'"). And, if the Supreme Court reverses the D.C. Circuit in Fischer and finds that a § 1512(c)(2) conviction requires obstructive conduct related to "investigations or evidence," then Strand's conviction under the same statute would likely be reversed as well because there is no evidence he engaged in any such conduct on January 6, 2021.

But that does not get Strand over the finish line. He still must convince the Court that a reversal of his § 1512(c)(2) conviction would result in "a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). Strand has served approximately six and a half months of his 32-month sentence. Mot. for Release at 3. The Supreme Court is expected decide Fischer by the end of its term in June. Opp'n at 9. Thus, by the time Fischer is likely to be decided, Strand will have served just under 12 months at most. The question, then, is whether a reversal of his § 1512(c)(2) conviction would likely result in a sentence less than that amount of time. The answer is no. In light of the sentencing guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court presently would be inclined to resentence Strand to the statutory maximum sentence for his Class A misdemeanor offenses: 12 months.

Starting with the sentencing guidelines, if Strand's § 1512(c)(2) felony conviction is overturned, he would be left with two Class A misdemeanor convictions under 18 U.S.C. §§ 1752 (a)(1) and (a)(2) (Counts Two and Three), and two Class B misdemeanor convictions under 40 U.S.C. §§ 5104(e)(2)(D) and (2)(G) (Counts Four and Five). The Class A misdemeanors are subject to the sentencing guidelines. See U.S.S.G. § 1B1.9. The Statutory Index to the guidelines specifies that violations of 18 U.S.C. § 1752 are subject to either U.S.S.G. § 2A2.4—the guideline for obstructing or impeding officers, which carries a base offense level of 10—or

4

U.S.S.G. § 2B2.3—the guideline for trespass, which carries a base offense level of 4. See U.S.S.G. Statutory Index (App. A); id. §§ 2A2.4, 2B2.3. Where, as here, "more than one guideline section is referenced for the particular statute," the Index provides that courts should "use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. Statutory Index (App. A).

The guideline for obstructing or impeding officers, not the guideline for trespass, is more appropriate for Strand's offense. The evidence at trial showed that Strand and his co-defendant positioned themselves near the front of a group of rioters who pushed past a line of Capitol Police officers attempting to protect the Capitol, resulting in injury to one of the officers. Opp'n at 16–17, Sentencing Tr. 17–19. They then joined a mob at the doors to the still-occupied House chamber, as law enforcement, with guns drawn, barricaded the doors from the inside to prevent the mob from breaching the chamber and harming Members of Congress. Sentencing Tr. at 33–35. They stood by as rioters smashed the windows in the chamber doors. Id. at 13. Finally, they ventured through Statuary Hall and the Capitol Rotunda, where Strand helped his co-defendant deliver speeches through a bullhorn, ignoring officers' instructions to leave the building. Id. at 35. In all, Strand spent 48 minutes in the building. Id. at 36. There can be little doubt that this conduct "obstruct[ed] or imped[ed]" officers in their efforts to protect and clear the Capitol, U.S.S.G. § 2A2.4, and was more serious than mere trespass. The base offense level would therefore be 10.

At sentencing, the Court imposed a three-level enhancement to the offense level under U.S.S.G. § 2J1.2(b)(2) because the offense "resulted in the substantial interference with the administration of justice"—namely, the Electoral Vote certification process. Id. at 22, 83. That same enhancement would not apply in the absence of the § 1512(c)(2) conviction because it is

5

not a specific offense characteristic under § 2A2.4's "obstructing or impeding officers" guideline. See U.S.S.G. § § 2A2.4.

The Court also imposed a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1 based on the Court's finding that certain aspects of Strand's trial testimony were untruthful. Sentencing Tr. at 25, 83. The same adjustment would apply at any resentencing, bringing the offense level to 12.

Since Strand's sentencing, the Sentencing Commission amended the guidelines to include a two-level downward adjustment to the offense level for certain defendants who, like Strand, have zero criminal history points. U.S.S.G. § 4C1.1(a). Courts may apply the amendment retroactively to sentences imposed prior to its effective date. Id. § 1B1.10(a)(1). On that basis, Strand has moved the Court to reduce his sentence regardless of its ruling on his motion for release pending appeal. But his motion for release pending appeal implicates the amendment as well because the Court must consider the length of any new sentence should Strand's § 1512(c)(2) conviction be reversed, and the amendment affects that sentence's guideline range. The government urges the Court not to apply the adjustment because it is only available to defendants who "did not use violence or credible threats of violence in connection with the offense." Opp'n at 16–17; U.S.S.G. § 4C1.1(3). But while some may have considered Strand's actions at the Capitol threatening, the government presented no evidence at trial or sentencing that he, himself, "used" violence or credible threats of violence that day. The Court thus concludes that Strand is entitled to a two-level reduction of his offense level under § 4C1.1, which would bring the adjusted offense level back down to 10.

Strand would remain in Criminal History I, so with an offense level of 10, his guideline range in the absence of the § 1512(c)(2) conviction would be six to 12 months.

Moving on to the other section 3553(a) factors, the Court would likely sentence Strand to a guidelines sentence of 12 months on Counts Two and Three, to run concurrently. The Court explained its reasoning at the prior sentencing hearing, Sentencing Tr. at 73–83, and need not expound on it here. Little has changed. Strand still committed serious offenses, albeit misdemeanors, that went beyond mere trespass; he still lied on the stand; he still shirked responsibility for his crimes; and he still sought to enrich himself by peddling misconceptions about the events of January 6th and the government's efforts to hold him responsible for his part in them.

Finally, a 12-month sentence on remand would not be create undue disparities with this Court's treatment of other misdemeanor defendants, as Strand suggests. See Mot. Release at 8. While that term would be above those the Court has imposed on misdemeanants who have accepted responsibility by pleading guilty, in one similar case the Court imposed an 11-month sentence on a defendant who was convicted by a jury on the same four misdemeanor counts that Strand was. See Judgment, United States v. Niemela, No. 21-cr-623-CRC [ECF No. 142] at 1–3. And, unlike Strand, she was not charged with a felony and did not receive an obstruction of justice enhancement. In sum, taking account of all the circumstances as the Court sees them today, a 12-month sentence would be "sufficient, but not greater than necessary" to satisfy the purposes of federal sentencing. 18 U.S.C. § 3553(a).

Accordingly, the defendant's Motion for Release Pending Appeal is hereby denied without prejudice to renewal once the Supreme Court issues a ruling in Fischer.

## II.     Motion for Reduction of Sentence

As noted above, Strand qualifies for a retroactive two-level reduction to his offense level under U.S.S.G. § 4C1.1. With the two-level decrease, Strand's present offense level decreases to

7

17, and his guidelines range becomes 24 to 30 months. His current sentence is 32 months. While that period falls slightly above the recalculated guideline range, the Court finds that consideration of the 3553(a) factors as a whole, as noted above and fully discussed at sentencing, does not warrant a reduction of the present sentence.

### III. Conclusion

For these reasons, it is hereby

**ORDERED** that [ECF No. 146] Defendant's Motion for Release Pending Appeal is DENIED without prejudice to renewal once the Supreme Court issues a ruling in <u>Fischer v. United States</u>. It is further

**ORDERED** that [ECF No. 147] Defendant's Motion to Reduce Sentence is DENIED.

**SO ORDERED**.

                                                                                            _____
CHRISTOPHER R. COOPER
United States District Judge

<u>Date: February 9, 2024</u>