UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>JOHN STRAND,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:21-cr-85-CRC<br>)<br>)<br>)<br>)<br>) |

**JOHN STRAND'S RENEWED MOTION FOR RELEASE PENDING APPEAL**

John Strand, by counsel, respectfully renews his motion for release pending appeal, pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1). Strand previously moved the Court for such relief earlier this year, ECF No. 146, which the Court denied "without prejudice to renewal once the Supreme Court issues a ruling in *Fischer v. United States*." 2/9/2024 Order, ECF No. 150, p. 8.

**Background**

Strand assumes the Court's familiarity with the legal and factual background to this motion and incorporates the content of his initial motion for release pending appeal, which was filed on January 19, 2024. ECF No. 146.

On February 9, 2024, the Court denied Strand's initial bail-pending-appeal motion. ECF No. 150. The Court determined "by clear and convincing evidence that Strand would not present a danger to the community or a flight risk were he to be released pending his appeal." *Id.*, p. 3. That meant Strand satisfied 18 U.S.C. § 3143(b)(1)(A). *Id.* The Court also determined that Strand presented a "substantial question of law" under § 3143(b)(1)(B), *id.*, namely, the one presented in *Fischer v. United States*, No.23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023).

1

Specifically, that question was whether a § 1512(c)(2) charge requires the government to prove that the defendant committed an actus reus intended to affect the integrity or availability of evidence used in an official proceeding. However, the Court denied the bail motion because even if Strand's § 1512(c)(2) conviction is vacated on appeal, "the Court would likely sentence Strand to a guidelines sentence of 12 months on Counts Two and Three, to run concurrently." *Id.*, p. 7. Those counts charged misdemeanors under 18 U.S.C. §§ 1752(a)(1) and (a)(2). *Id.*, p. 4.

At the conclusion of the Order, the Court summarized: "In sum, taking account of all the circumstances as the Court sees them today, a 12-month sentence would be 'sufficient but not greater than necessary' to satisfy the purposes of federal sentencing." 2/9/2024 Order, ECF No. 150, p. 7.

On June 28, the Supreme Court in a 6-3 decision vacated the D.C. Circuit's *Fischer* decision. *United States v. Fischer*, No. 23-5572, 2024 U.S. LEXIS 2880 (June 28, 2024). The Court's holding is summarized in this statement from the majority opinion: "The better conclusion is that subsection (c)(2) was designed by Congress to capture other forms of evidence and other means of impairing its integrity or availability beyond those Congress specified in (c)(1)." 2024 U.S. LEXIS 2880, at *19. Thus, subsection (c)(2) criminalizes impairment of all the categories of evidence not referenced in (c)(1), "such as witness testimony or intangible information." *Id.*, at *17.

Strand noticed his appeal on June 5, 2023. ECF No. 135. It was held in abeyance pending the outcome in *Fischer*. Strand surrendered to the Bureau of Prisons on July 26, 2023. Thus, his sentence specific to misdemeanor Counts Two and Three will elapse on July 26. As Strand noted in his initial bail motion, he has served a significant portion of his sentence in

2

solitary confinement.  He was not able to communicate with counsel or with family or friends for months.   ECF No. 146.

**Argument**

**I.     Standard for release pending appeal**

A court "shall order the release" of an individual pending appeal if it finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
  (i)    reversal,
  (ii)   an order for a new trial,
  (iii)  a sentence that does not include a term of imprisonment, or
  (iv)   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1987).  "[I]n in the circumstance described in subparagraph (B)(iv) . . . the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." § 3143(b)(1).

**II.    Strand's release pending appeal is appropriate under § 3143(b)(1)**

**A.     Strand poses no flight or safety risk**

The Court has already determined "by clear and convincing evidence that Strand would not present a danger to the community or a flight risk were he to be released pending his appeal." 2/9/2024 Order, ECF No. 150, p. 3.  No relevant facts or circumstances have changed since the Court's finding.

**B.     Resolution of this substantial question in Strand's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes**

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that

3

very well could be decided the other way.'" *Perholtz*, 836 F.2d at 555 (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require the Court to find that Strand's appeal establishes a likelihood of reversal. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well could be'" decided in the defendant's favor. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)).

Here, the Court determined that Strand's appeal satisfied this standard even before the Supreme Court had vacated the Circuit's *Fischer* decision. 2/9/2024 Order, ECF No. 150, p. 3. A fortiori, then, Strand satisfies § 3143(b) after vacatur. No evidence at trial established that Strand intended to or did impair the integrity or availability of evidence used in an official proceeding. "Evidence" is "something (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact." Black's Law Dictionary 576 (7th ed. 1999). Critically, even if the Court were to deem (for example) electoral certificates "evidence," (1) this would constitute tangible "object" evidence which would fall within subsection (c)(1), with which Strand was not charged or convicted, *Fischer*, No. 23-5572, 2024 U.S. LEXIS 2880, at *17; and (2) even if Strand had been charged under subsection (c)(1), no trial evidence established that he intended to impair the integrity or availability of electoral certificates on January 6.

Of course, even if the Court were to identify some potential counterarguments to these points, bail under section 3143(b) does not require a finding that Strand's § 1512(c)(2) conviction will likely be reversed. Strand must only establish that the question is close or could well be decided in his favor. *Shoffner*, 791 F.2d at 589. Given that even under the best

interpretation of *Fischer* for the government Strand would still have been indicted under the wrong subsection of 1512, it is hard to see how he has not easily satisfied § 3143(b).

Finally, the Court has held that "taking account of all the circumstances as the Court sees them today, a 12-month sentence would be 'sufficient but not greater than necessary' to satisfy the purposes of federal sentencing." 2/9/2024 Order, ECF No. 150, p. 7. As explained above, the one-year anniversary of Strand's imprisonment will elapse on July 26. That date falls long before "the expected duration of the appeal process," as Strand's appeal is still being held in abeyance until the mandate is returned in *Fischer*. § 3143(b)(1). Given that the Supreme Court remanded to the Circuit in *Fischer* for further analysis, it is reasonable to expect that the abeyance in Strand's appeal will not be lifted for some time. Thus, Strand has satisfied every element of § 3143(b) under the terms of the Court's previous Order.

Granting Strand's renewed motion would bring his sentence in line with other misdemeanor sentences this Court has imposed in similar January 6 cases. *United States v. Moncada*, 22-cr-366-CRC (36 months' probation); *United States v. Wilkerson*, 21-cr-302-CRC (36 months' probation); *United States v. Sizer*, 21-cr-621-CRC (12 months' probation); *United States v. Lewis*, 21-cr-100-CRC (24 months' probation); *United States v. Ryan*, 21-cr-50-CRC (60 days' incarceration); *United States v. Courtright*, 21-cr-72-CRC (30 days' incarceration); *United States v. Scirica*, 21-cr-457-CRC (15 days' incarceration); *United States v. Sunstrum*, 21-cr-652-CRC (30 days' home detention); *United States v. Gonzalez*, 21-cr-115-CRC (24 months' probation); *United States v. Ivey*, 21-cr-267-CRC (60 days' home detention); *United States v. O'Malley*, 21-cr-704-CRC (24 months' probation); *United States v. Von Bernewitz*, 21-cr-307-CRC (60 days' home detention); *United States v. Kidd*, 21-cr-429-CRC (45 days' incarceration); *United States v. McDonald*, 21-cr-429-CRC (21 days' home incarceration).

Since the certiorari grant in *Fischer*, judges in this Court have granted § 3143(b)(1) motions by defendants who have served less prison time than Strand. In *Adams*, the Court sentenced a § 1512(c) defendant to 14 months' incarceration on that count and 12 months' incarceration on a § 1752(a)(1) count. *Adams*, 21-cr-354-APM, ECF No. 85, at p. 1. Following the *Fischer* grant, the *Adams* Court granted the release motion after the defendant had served five months' incarceration because "the applicable guidelines range would look quite different without a § 1512(c)(2) felony conviction." *Id.*, p. 4. Specifically, the trespass count would be scored under U.S.S.G. 2B2.3(a). *Id.* Judge Bates granted a § 3143(b)(1) motion in *Sheppard* for similar reasons. *Sheppard*, 21-cr-302-JDB, ECF No. 142.

Accordingly, Strand renews his motion for release pending appeal. He is grateful for the Court's consideration of his motion.

Dated: June 30, 2024                    Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010 Phone:
(917) 902-3869
nds@davidbsmithpllc.com

*Attorney for John Strand*

**Certificate of Service**

I hereby certify that on the 30th day of June, 2024, I filed the foregoing submission with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

*/s/ Nicholas D. Smith*

6